UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

JAMES J. FORSYTH,
                    Appellant,

            v.

DEPARTMENT OF THE TREASURY,
                    Agency.

DOCKET NUMBER
NY-0752-16-0246-I-1

DATE: March 15, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Susan F. Tylar, Esquire, Garden City, New York, for the appellant.

Navid Mehrjou, Esquire, New York, New York, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal.  Generally, we grant petitions such as this one only in the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the chief administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 On May 19, 2015, the agency assigned the appellant, a GS-08 Contact Representative for the agency's Internal Revenue Service, to take incoming telephone calls from taxpayers. Initial Appeal File (IAF), Tab 1; Tab 8, Subtab 4b; Tab 33 at 4. Before he received his first telephone call of the day, the appellant called the Howard Stern radio show using his personal cell phone and was placed on hold. IAF, Tab 33 at 4. At 8:00 a.m., the appellant began answering taxpayer telephone calls and, at 10:09 a.m., the show apparently took the appellant off hold and, as a result, began to broadcast audio of the appellant on a telephone call with a taxpayer. *Id.* During the broadcast, he revealed the taxpayer's telephone number and the amount of back taxes due to the Government. *Id.* Sometime after Mr. Stern began to yell the appellant's name into the telephone to get his attention, the appellant placed the taxpayer on hold to speak with the cast of the show. *Id.*

¶3    In this appeal of the appellant's subsequent removal based on the charge of disclosure of a taxpayer's personally identifiable information (PII), the appellant stipulated to the above facts, as well as to the accuracy and veracity of the audio file of the above-described broadcast, which the agency submitted as an exhibit in this matter. *Id.*; IAF, Tab 8, Subtabs 4a-4d; Tab 31 (audio recording of Howard Stern Show, May 19, 2015). After holding a hearing, the chief administrative judge issued an initial decision affirming the removal. IAF, Tab 40, Initial Decision (ID). He sustained the agency's charge, citing the appellant's stipulations to the specified misconduct, and determined that the appellant failed to show that the agency violated his right to due process, finding that the agency gave him proper notice of the factors it considered in selecting the penalty and did not consider any ex parte information in deciding to remove him. ID at 9-21. The chief administrative judge further found that the agency established a clear nexus between the appellant's misconduct and the efficiency of the service, and that, although harsh, the penalty did not fall outside the bounds of reasonableness. ID at 21-37.

¶4    The appellant has filed a petition for review in which he challenges the reasonableness of the penalty, citing the apparent death of a child and the end of an engagement as mitigating factors.[3] Petition for Review (PFR) File, Tab 1 at 4. The agency responds in opposition to the appellant's petition for review. PFR File, Tab 3.

---

[3] The appellant has not challenged the chief administrative judge's findings that the agency proved the charge and nexus and that the appellant failed to prove his due process claim, and we discern no basis to disturb these findings on review.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The chief administrative judge properly concluded that the removal penalty does not exceed the bounds of reasonableness.</u>

¶5     When the agency's charge is sustained, the Board will review the agency‑imposed penalty to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Stuhlmacher v. U.S. Postal Service*, <u>89 M.S.P.R. 272</u>, ¶ 20 (2001). The Board has articulated factors to be considered in determining the propriety of a penalty, such as the nature and seriousness of the offense, the potential for the employee's rehabilitation, the consistency of the penalty with the agency's table of penalties, the consistency of the penalty with those imposed on other employees for the same or similar offense, and any mitigating circumstances surrounding the offense. *Douglas v. Veterans Administration*, <u>5 M.S.P.R. 280</u>, 305-06 (1981). Not all of the factors will be pertinent in every instance, and therefore, the relevant factors must be balanced in each case to arrive at the appropriate penalty. *Id.*

¶6     Here, the chief administrative judge reviewed the pertinent aggravating and mitigating *Douglas* factors, first noting the direct relation of the appellant's misconduct to his duties and responsibilities, and the "utter recklessness" of his behavior. ID at 23-25. Regarding the consistency of the penalty with those imposed upon others, the chief administrative judge found that the appellant's misconduct was significantly different from the other identified employees who violated the agency's strictures against the disclosure of PII, in that those employees had electronically transmitted information containing PII in an unauthorized manner but to individuals authorized to receive such information, whereas here, the appellant verbally broadcasted a taxpayer's PII nationwide on a satellite radio program. ID at 26-27. The chief administrative judge also cited the notoriety of the offense, noting the potential size of the audience exposed to the taxpayer's PII, the news coverage of the event, and the controversial nature of

the show itself. ID at 27-28; *see Black v. Department of the Air Force*, [29 M.S.P.R. 133](#), 137 (1985) (finding that media attention concerning an appellant's misconduct supported removal); *Douglas*, 5 M.S.P.R. at 305 (stating that the notoriety of the offense or its impact upon the agency's reputation is a factor to be considered). Regarding the agency's table of penalties, which set forth a penalty range of a written reprimand to a 14-day suspension for the careless, reckless, or negligent disclosure of PII, IAF, Tab 8, Subtab 4f at 11, the chief administrative judge found that, in light of the egregiousness of the appellant's misconduct, the deciding official did not abuse her discretion in deciding to exceed the table of penalties and remove the appellant, ID at 28-31.

¶7    As for the effect of the appellant's misconduct on his supervisors' confidence and his potential for rehabilitation, the chief administrative judge found the appellant's expressed contrition hard to reconcile with the record. ID at 31. For example, rather than immediately summoning his supervisor, as he had asserted in his oral reply to the agency's notice of proposed removal, the appellant instead "gleefully" kept talking on the air, identifying himself as a Government employee even after it became obvious that he had broadcast the taxpayer's PII, and then denying that he had done so to the taxpayer herself even though she told him that her friends had alerted her to the disclosure via text message. ID at 31-32; IAF, Tab 31. The chief administrative judge also found the appellant's contrition "half-hearted at best," in part because, when he called the show after the incident to ask that they not rebroadcast the exchange, he also asked for a tour of the show's broadcast studio. ID at 32. He further found that the appellant was clearly on notice that he should not disclose taxpayers' PII, that his 8 years of service without discipline was not significantly mitigating under the circumstances, and that, because the record showed that the deciding official duly considered the relevant facts and pertinent *Douglas* factors, the record showed no reason for him not to defer to the agency's choice of penalty. ID at 33-37.

¶8    On review, the appellant asserts that the fact that he lost a child and ended his engagement should be considered as mitigating factors. PFR File, Tab 1 at 3‑4. However, he does not provide any details regarding the circumstances surrounding these events or how they relate to his misconduct, except to state that he "sought happiness in [his] subconscious by calling into this show to bring back [his] smile." *Id.* at 4. The record shows that the appellant did not include this contention in his oral reply to the agency's notice of proposed removal, IAF, Tab 8, Subtab 4c, nor does it appear that he raised this issue in his appeal below. Thus, the record reflects that neither the deciding official nor the chief administrative judge failed to consider these mitigating circumstances when considering the penalty, and the appellant therefore has set forth no basis to disturb the initial decision. Furthermore, the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant makes no such showing here.

¶9    The appellant also challenges the chief administrative judge's conclusion that he failed to show that he was subjected to disparate treatment by vaguely claiming that "others have committed crimes knowingly and kept their jobs." PFR File, Tab 1 at 4. However, we agree with the well‑reasoned and explained findings of the chief administrative judge that the appellant failed to show that there was enough similarity between his misconduct and that of his purported comparators to lead a reasonable person to conclude that the agency treated similarly situated persons differently. ID at 25-28. Specifically, the appellant conceded that he disclosed the taxpayer's PII—the telephone number and amount of tax owed—on a nationwide satellite radio program, whereas his purported comparators merely transmitted PII via an insecure method but to authorized recipients. IAF, Tab 26 at 5. We find, under these circumstances, that the chief

administrative judge properly concluded that the appellant failed to show that these individuals committed the same or similar offense for purposes of a disparate treatment analysis.[4]  ID at 25-28; *see Douglas*, 5 M.S.P.R. at 305.

¶10      Finding that the appellant has shown no error in the deciding official's and the chief administrative judge's analyses under *Douglas*, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] In adjudicating the appellant's disparate penalty claim, the chief administrative judge cited to *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶¶ 5, 12, 15 (2010). ID at 25 & n.19.  In *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶¶ 10-17, we overruled *Lewis* to find that, when analyzing disparate penalty claims, broad similarity between employees is insufficient to establish that they are appropriate comparators, and to reaffirm that the relevant inquiry is whether the agency knowingly and unjustifiably treated employees who engaged in the same or similar offenses differently. Nevertheless, the chief administrative judge's reference to the standard set forth in *Lewis* was not prejudicial in this case because he properly found that the appellant failed to meet even that less onerous standard.  ID at 27.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.